IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PERRY LEWIS SMART,<br>    Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director, TDCJ-CID,<br>    Respondent. | )<br>)<br>)<br>)   No. 3:16-CV-217-M<br>)<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for assault family violence as a habitual offender. *State of Texas v. Perry Lewis Smart*, No. F-12-56097-P (203rd Jud. Dist. Ct., Dallas County, Tex., Feb. 20, 2013). Petitioner was sentenced to twenty-five years in prison.

On April 29, 2014, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Smart v. State*, No. 05-13-00292-CR, 2014 WL 1690748 (Tex. App. – Dallas,

2014, pet. ref'd). On September 24, 2014, the Court of Criminal Appeals refused Petitioner's petition for discretionary review.

On July 9, 2015, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Smart*, Application No. 83,807-01. On October 21, 2015, the Court of Appeals denied the petition without written order.

On January 19, 2016, Petitioner filed this federal petition. He argues:

1. The trial judge should have been disqualified because she had previously represented Petitioner in a criminal matter.

2. He was illegally arrest because the warrant was obtained using a forged affidavit.

3. The State committed prosecutorial misconduct by failing to disclose a nonprosecution affidavit filed in a previous case; failing to disclose an incident report filed against the victim's husband; maliciously prosecuting him on the victim's perjured testimony; and, knowingly using a forged affidavit for the arrest warrant.

4. Trial counsel was ineffective for failing to investigate or file any pretrial motions; for excluding evidence of a forged affidavit for the arrest warrant; for failing to challenge "mischaracterized jurisdictional enhancement paragraphs;" for "failing to support" Petitioner's pro se motions and attempting to "sabotage" Petitioner's pleadings; and, because there was a "prior conflict with petitioner and counsel."

5. The indictment was deficient.

6. His sentence was illegal because the State enhanced his sentence using two prior misdemeanor convictions "under felony cause numbers" and a prior "invalid conviction for possession of a controlled substance."

7. Evidence of his prior convictions for family violence was inadmissible because it described "not a misdemeanor, but a felony when both charges were reduced to misdemeanor offenses."

8. The enhancement paragraphs were defective.

On June 17, 2016, Respondent filed her answer. On September 12, 2016, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Factual Background

The following factual background is taken from the appellate court's decision.

> Appellant and complainant dated for approximately five years. In the early morning hours of April 28, 2012, appellant went to complainant's apartment to pick up some of his clothes. When complainant told appellant she no longer wanted to see him, appellant became angry. He hit complainant in the face and the chest. He repeatedly pinched her face. Appellant also threatened her with a baseball bat and later used it to destroy her television sets. He threw her cell phone in the toilet so she could not call for help. Complainant testified the argument began around 5:00 a.m. and continued until appellant left around 8:00 a.m. She later went to the hospital where she was diagnosed with a "slight concussion." Appellant was arrested and charged with assault family violence.

*Smart*, 2014 WL 1690748 at *1.

## III. Discussion

**1. Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

### 2. Disqualification

Petitioner argues the trial judge should have been disqualified because: (1) she represented him in a previous case that was used to enhance his punishment; (2) the validity of the enhancement paragraphs was crucial to his sentence; (3) comments the judge made showed she was biased against him; and (4) Texas law forbids an attorney from acting as a judge in a case where the attorney also represented the defendant.

Under the Due Process Clause, a criminal defendant is guaranteed the right to a fair and impartial tribunal. *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997); *Nethery v. Collins*, 993 F.2d

1154, 1157 (1993). The Due Process Clause establishes a constitutional floor, not a uniform standard. *Bracy*, 520 U.S. at 904-05. This floor "clearly requires a 'fair trial in a fair tribunal,' before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Id.* at 905 (citation omitted). Further, "adjudication before a biased trial judge falls within the 'very limited class of cases' that represent 'structural' error subject to automatic reversal." *Bigby v. Dretke*, 402 F.3d 551, 559 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 239 (2005) (quoting *Neder v. United States*, 527 U.S. 1, 7-8 (1999)).

To establish a due process violation, a petitioner must show that a genuine question exists regarding the judge's impartiality. *Bigby*, 402 F.3d at 559, (citing *Liteky v. United States*, 510 U.S. 540, 552 (1994)). The Court must determine whether the "situation is one 'which would offer a possible temptation to the average . . . judge to . . . lead him not to hold the balance nice, clear and true.'" *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 822 (1986) (quoting *Ward v. Village of Monroeville*, 409 U.S. 5760 (1972).

The Supreme Court has stated, however, that "most matters relating to judicial disqualification [do] not rise to a constitutional level." *Aetna*, 475 U.S. at 820 (quoting *F.T.C. v. Cement Institute*, 333 U.S. 683 (1948)). Further, courts ordinarily "presume that public officials have properly discharged their official duties." *Bracy*, 520 U.S. at 909 (internal quotation marks and citations omitted). Therefore, "bias by an adjudicator is not lightly established." *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1052 (5th Cir. 1997).

Petitioner has failed to show that the trial judge should have been disqualified. As to the enhancement paragraphs, Petitioner pled true to the paragraphs. Petitioner has therefore failed to show any judicial bias as to this claim. Also, although the judge stated at sentencing that

Petitioner does not listen or follow rules, she also stated it was "sad" that the minimum sentence in the case was twenty-five years. (Trial Tr. Vol. 5 at 12.) The judge also sentenced Petitioner to the minimum sentence that he could receive. Petitioner has also failed to show that Texas law prohibited his former counsel from acting as a judge in his case. Texas Code of Criminal Procedure § 30.01 prohibits an attorney from acting as a judge in the same case in which the attorney acted as the defendant's counsel. In this case, the trial judge represented Petitioner in a previous action. Finally, any alleged failure to comply with state law fails to raise a constitutional claim under § 2255. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986) (stating federal habeas corpus relief is available only for the vindication of rights existing under federal law); *see also, Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (finding it is not the function of federal habeas courts to review the interpretation of state law by a state court). Petitioner's claims are without merit and should be denied.

3.   **Procedural Bar**

Respondent argues that some of Petitioner's claims are procedurally barred because Petitioner either failed to raise the claims in state court, or failed to properly present the claims in state court.

(A)   **Failed to Raise Claims in State Court**

Respondent argues Petitioner's claims that: (1) the State committed prosecutorial misconduct by knowingly using a forged affidavit for the arrest warrant; and (2) he received ineffective assistance of counsel because there was a prior conflict between Petitioner and counsel are procedurally barred because Petitioner failed to raise the claims in state court.

The record shows Petitioner failed to raise these claims in a PDR or on state habeas review. A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

**(B)   Not Properly Presented**

Respondent argues Petitioner's claims that trial counsel was ineffective for excluding evidence of a forged affidavit for the arrest warrant and for failing to challenge "mischaracterized jurisdictional paragraphs" are procedurally barred because although Petitioner listed these claims in a memorandum on state habeas review, he failed to include the claims on his state habeas form.

On state habeas review, a prisoner may file a separate memorandum but all of his claims must be presented on the state habeas form. *See* Tex. R. App. Proc. 73.1; *Ex parte Walton*, 422 S.W.3d 720 (Tex. Crim. App. 2014) (holding that Court of Criminal Appeals will not consider grounds for relief set out in a memorandum of law that were not raised in the form petition). In this case, Petitioner failed to raise these claims on his state habeas form. The claims were therefore not properly presented to the Court of Criminal Appeals and are procedurally barred.

To overcome the procedural bar, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has shown no cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

### 4. Indictment

In his fifth claim, Petitioner claims the indictment was defective because it contained false sentencing facts and "describes a charge of assault bodily injury that was released on May 23, 2012." In his eighth claim, Petitioner argues the enhancement paragraphs were defective. In his sixth claim, he alleges his sentence was illegal as a result of the defective indictment. Petitioner raised his challenges to the indictment on state habeas review, and the Court of Criminal Appeals denied the claims. Where the question of sufficiency of the indictment is presented to the highest state court of appeals, the issue is foreclosed in federal habeas proceedings. *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009) (citing *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994)). These claims should therefore be denied.

5.  **Arrest Warrant**

Petitioner claims he was illegally arrested because the magistrate judge's signature on the arrest warrant was forged.

Respondent argues this claim is foreclosed from review because a federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95 (1976).

Petitioner argues the state court did not provide him an opportunity for full and fair litigation of this issue. Petitioner filed a pro se pre-trial motion arguing the arrest warrant was invalid because the magistrate judge's signature on the arrest warrant was forged. In the pre-trial hearing, the defense attorney stated he did not support the motion. The trial court therefore did not rule on the motion. Assuming, without deciding, that Petitioner did not have a full and fair opportunity to litigate this issue, Petitioner has failed to show the arrest warrant was unlawful. Petitioner has submitted no evidence, except his conclusory statement, that the magistrate judge's signature on the arrest warrant was forged. This claim should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

6.  **Prosecutorial Misconduct**

Petitioner argues the prosecutor committed misconduct when the prosecutor: (1) knowingly used false testimony from the complainant; (2) failed to disclose an incident report between the complainant and her husband; (3) failed to disclose a nonprosecution agreement from a prior case; and (4) referred to Petitioner's previous misdemeanor family violence convictions under felony cause numbers.

Prosecutorial misconduct implicates due process concerns. *Foy v. Donnelly*, 959 F.2d 1307, 1316 (5th Cir. 1992). When a petitioner asserts a due process violation, the Court must determine whether the prosecutorial actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In the habeas context, the appropriate review for such allegations is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.* (quoting *Donnelly,* 416 U.S. at 642).

Petitioner argues the complainant falsely testified that she and Petitioner had been in a dating relationship for five years. To support his claim, Petitioner cites an incident report that the complainant filed against her husband in June, 2011. The trial occurred in February, 2013. Petitioner therefore claims this report shows he could not have been in a relationship with Petitioner for five years. Petitioner, however, has failed to show the prosecutor offered false testimony. The complainant testified that she was still married to her husband at the time of trial, although she had a five-year relationship with Petitioner. Petitioner's claim is without merit.

Petitioner claims the prosecutor committed misconduct when he read the jurisdictional paragraphs of the indictment. The jurisdictional paragraphs referred to two prior convictions for assault in cause numbers F-1251532 and F-1162968. Petitioner states these charges were reduced from felonies to misdemeanors, but the prosecutor read the felony cause numbers to the jury. The record shows that in these two prior convictions Petitioner was charged with felony offenses but pled guilty to misdemeanor charges. The cause numbers on the cases remained unchanged, however. The prosecutor therefore correctly read the cause numbers for Petitioner's two prior cases. Petitioner has failed to establish prosecutorial misconduct.

Petitioner also claims the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), when he withheld the offense report that the complainant filed against her husband, and when he failed to disclose that the complainant filed a nonprosecution affidavit in a previous case against Petitioner.

To establish a *Brady* claim, Petitioner must show that the prosecution suppressed favorable, material evidence that was not discoverable through due diligence. *Brady*, 373 U.S. at 87. Evidence is "material" if there is a "reasonable probability" that the outcome of the trial would have been different had the evidence been disclosed to the defendant. *United States v. Freeman*, 164 F.3d 243, 248 (5th Cir. 1999). *Brady,* however, "does not obligate the State to furnish a defendant with evidence that is fully available to the defendant through the exercise of reasonable diligence." *Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir. 2002) (citing *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997); *see also, In re Smith*, 142 F.3d 832, 836 (5th Cir. 1998) (finding that if defendant, using reasonable diligence, could have obtained the information, no claim arises under *Brady*); *United States v. Aubin*, 87 F.3d 141, 148-49 (5th Cir. 1996) (finding that due diligence on the part of the defendant is a necessary element in a successful *Brady* claim).

Petitioner claims the prosecutor failed to: (1) disclose a police incident report showing that police were called to a "domestic disturbance" between Petitioner and her husband on June 24, 2011; and (2) disclose that the complainant filed a nonprosecution affidavit in a previous criminal case against Petitioner. Petitioner, however, knew about these incidents before trial and referred to them in his motion to quash the indictment. (Clerk's Record at 63.) He has also

failed to explain how this evidence was exculpatory. Petitioner has failed to show the prosecutor violated *Brady*.

7.      **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims his counsel was ineffective for failing to file pre-trial motions, failing to support his pro se pre-trial motions, and sabotaging his pro se pre-trial motions. The record shows defense counsel informed the court that he received all the discovery from the State and did not need to file any pre-trial motions. (Trial Tr. Vol 3 at 11-12.) Petitioner filed pro se pre-

trial motions and the court heard and ruled on Petitioner's pro se motions. (*Id.* Vol. 3 at 12-23.) Petitioner claims his counsel sabotaged his motion to suppress by telling the court that the motion was not necessary. The record shows Petitioner filed a pro se motion to suppress any illegally obtained evidence. Both the State and defense counsel stated they knew of no illegally obtained evidence. (*Id.* at 17.) Petitioner has also failed to show that any illegally obtained evidence was used against him. Finally, Petitioner claims counsel failed to support his claim that the arrest affidavit was forged. The record shows that defense counsel informed the court that he could not support this pro se motion. As discussed above, Petitioner has submitted only conclusory allegations that the affidavit was forged. He has failed to establish ineffective assistance of counsel regarding his pre-trial motions.

Petitioner also states his counsel denied him the right to compulsory process. Petitioner, however, has failed to state any facts regarding this claim. Petitioner's conclusory claim should be denied.

Petitioner also argues counsel failed to challenge a prior conviction that was used for enhancement purposes. Petitioner claims counsel should have argued the evidence was factually insufficient to support the prior conviction. Petitioner, however, has failed to show that his previous conviction has been reversed or called into doubt by an state or federal court. He also pled true to the enhancement. Petitioner's claim is without merit.

8. **Prior Convictions**

Petitioner argues the use of the jurisdictional paragraphs and enhancement paragraphs was improper. The record shows that Petitioner was previously convicted of two family violence misdemeanors. Under Texas law, where a defendant is charged with assault - family violence, if

the defendant was previously convicted of assault - family violence, then the offense becomes a third degree felony. *See* TEX. PENAL CODE § 22.01(b) (West 2013). Because Petitioner was previously convicted of assault - family violence, his current conviction was properly enhanced to a third degree felony.

Petitioner also claims the enhancement paragraphs were unlawful. Petitioner's conviction was enhanced by two prior felony convictions, one for possession of a controlled substance and the other for sexual assault. (Clerk's Record at 16.) Petitioner pled true to the enhancement paragraphs. Under Texas law, where a defendant is charged with a felony, other than a state jail felony, and the defendant has two previous final felony convictions, and the second felony conviction occurred after the first felony conviction was final, the current offense is eligible for enhancement. *See* TEX. PENAL CODE § 12.42(d) (West 2013). In this case, Petitioner's first felony conviction became final prior to his being convicted of his second felony offense. His current offense was therefore properly enhanced.

### 9.  Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## IV. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 8 day of February 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).